

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Alton C. Arnold
County Attorney
Brazoria County
Angleton, Texas

Dear Sir:

Opinion No. 0-6632
Re: Mileage fees allowed peace officers in making arrests and conveying prisoners.

We are in receipt of your letter of recent date requesting the opinion of this department on the above stated matter. We quote from your letter, as follows:

"Considerable confusion has resulted among the Peace Officers of Brazoria County as to just what fees should be charged for mileage in making arrests and conveying prisoners. I presume that for misdemeanors, Article 1065 of the Code of Criminal Procedure applies to Brazoria County. It seems from your Opinion 0-2060 that a Constable for travel in making an arrest in a misdemeanor case before there is a conviction is entitled to 7-1/2¢ per mile for each mile traveled in going for and returning the person arrested. I gather that your Opinion 0-919 substantiates this holding.

"In Article 1065, Section 9, I am unable to understand whether the wording means to convey the idea that 10¢ per mile is paid by private conveyance but that such payment is not due until there is a conviction, or whether the section means to convey the idea that if the prisoner is tried at a designated point and found guilty, after which he serves a term in jail, then the rate would be 10¢ per mile by private conveyance and only in the case that a trial and conviction had preceded the conveyance to jail. Your Opinion 0-82 seems to say that where there is more than one prisoner the Officer is entitled to 10¢ per mile for each

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR

Honorable Alton C. Arnold, Page 2

prisoner so conveyed and so returned. If the Officer conveys only one prisoner under this situation, is he entitled to 10¢ for the prisoner and an additional 10¢ for himself for each mile so traveled in going and coming?

"If possible, I would like to have a full explanation of the above mentioned matters and also an explanation of just what mileage should be charged should the Officer without a warrant make an arrest and convey the prisoner to jail after which there is a trial and a conviction.

"I believe that Article 1030, Code of Criminal Procedure, must apply to felony cases in Brazoria County. The Sheriff of this county insists that he is entitled to 15¢ per mile for going after and arresting a person and 30¢ per mile for returning that person by private conveyance, and he gives me a detached sheet from his fee book showing the mileage fee to be that rate. I am unable to reconcile the fees as listed on his fee sheet with Article 1030. I am enclosing a copy of the fee sheet and I am asking that you give me any information that you might have in order that I might clarify this matter and inform the Officers of this county of the fees they may charge for such duties as above outlined."

As we understand your request, you desire our opinion with reference to the following matters:

1. Amount per mile, allowed to a peace officer for mileage in a misdemeanor case, under the provisions of Article 1065, C. C. P., when the officer travels by private conveyance and makes an arrest,

(a) with a warrant, and

(b) without a warrant.

2. Amount per mile allowed to a peace officer for mileage in a misdemeanor case, under the provisions of Section 9, Article 1065, C. C. P., when the officer conveys one prisoner, after conviction, to the county jail by private conveyance.

Honorable Alton C. Arnold, Page 3

3. Amount per mile allowed to a sheriff in a felony case, for travel by private conveyance, (a) for going to the place of arrest, and (b) returning with the prisoner.

Article 1065, C. C. P., provides for certain fees to be allowed peace officers to be taxed as costs against the defendant upon conviction, in misdemeanor cases. We quote from Article 1065, Vernon's Annotated Code of Criminal Procedure, as follows:

"The following fees shall be allowed the sheriff, or other peace officer performing the same services in misdemeanor cases, to be taxed against the defendant on conviction:

". . . .

"9. For conveying a prisoner after conviction to the county jail, for each mile, going and coming, by the nearest practicable route by private conveyance, ten cents a mile, or by railway, seven and one-half cents a mile.

". . . .

"11. For each mile he may be compelled to travel in executing criminal process and summoning or attaching witness, seven and one-half cents. For traveling in the service of process not otherwise provided for, the sum of seven and one-half cents for each mile going and returning. If two or more persons are mentioned in the same writ, or two or more writs in the same case, he shall charge only for the distance actually and necessarily traveled in the same."

1. (a) As to the amount per mile allowed to a peace officer for travel by private conveyance in connection with making an arrest with a warrant in a misdemeanor case, it is our opinion that said services are within the provisions of Section 11, Article 1065, C. O. P., (executing a criminal process) and that the officer is entitled to seven and one-half cents per mile going and returning. (b) In case the peace officer travels by private conveyance in connection with making an arrest in a misdemeanor case without

Honorable Alton C. Arnold, Page 4

a warrant, and conveys said person to jail and trial and conviction follows, it is our opinion that such mileage is not within the provisions of Section 11, Article 1065, C. C. P., or any other statutory provision, and such officer could not be allowed any amount for such mileage.

2. When a peace officer, in connection with a misdemeanor case, conveys a prisoner, by private conveyance, to the county jail, _after conviction_, it is our opinion that under the provisions of Section 9, Article 1065, C. C. P., such officer is entitled to ten cents per mile for each mile traveled, coming and going, and such amount would constitute a part of the costs taxed against the defendant. If there is only _one_ prisoner conveyed, after conviction, to the county jail, the peace officer is entitled to charge a total of only ten cents per mile for such services.

Under the provisions of Article 1065, C. C. P., when a fee is allowed to the peace officer for specified services, such fees are taxed as costs against the defendant, and when such costs are paid by the defendant, such amount would constitute fees of office of the officer receiving same. The manner of disposition and accounting for such fees would be dependant upon whether the particular officer involved is compensated on a fee basis or on the basis of an annual salary. We are informed by the State Comptroller's Department that Brazoria County compensates its county officers on the basis of annual salary, while the precinct officers in said county are compensated on a fee basis. In the case of the sheriff he should collect the fees provided for in Article 1065, C. C. P., and deposit same to the credit of the Officer's Salary Fund in compliance with the provisions of Section 5, Article 3912e. In the case of precinct officers (constables) such fees collected would constitute compensation for them in the form of fees of office. Also, when the defendant lays out or works out his fine, the officers on a fee basis (constables) would be entitled to collect one-half of the costs from the county, as provided in Article 1055, C. C. P.

3. With reference to your question as to mileage allowed the sheriff, _in felony cases,_ under the provisions of Article 1030, C. C. P., for going to the place of arrest of a person and for returning said person by private conveyance, we note that the fees enumerated for the above mentioned services under the provisions of Article 1030, C. C. P.,

Honorable Alton C. Arnold, Page 5

are fees paid by the State. Also, we call to your attention the following language of Section 1, Article 3912e, V. A. C. S.:

"No district officer shall be paid by the State of Texas any fees or commission for any service performed by him; nor shall the State or any county pay to any county officer in any county containing a population of twenty thousand (20,000) inhabitants or more according to the last preceding Federal Census any fee or commission for any service by him performed as such officer; . . ."

In view of the fact that the fees enumerated in Article 1030, C. C. P., are fees paid by the State, and in view of the provisions of Section 1, Article 3912e, it is our opinion that the sheriff of Brazoria County cannot collect from the State any of the fees enumerated in Article 1030, C. C. P., for the services mentioned; neither could the sheriff collect any fees for such services from the county, although he would be entitled to his necessary and actual expenses in connection therewith, under the provisions of Subdivision (b) of Article 3899, V. A. C. S.

We trust that the foregoing satisfactorily answers your inquiries.

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED JUN 21 1945

FIRST ASSISTANT ATTORNEY GENERAL

By

J. A. Ellis
Assistant

JAE:mp



APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN